

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 5:21cr5 DCB-LGI

LAKETIA ANDREWS CROSSLEY
18 U.S.C. § 1343
18 U.S.C. § 1349
18 U.S.C. §  371
18 U.S.C. §  641, 2

**The Grand Jury charges:**

## COUNT 1

1.  Defendant **LAKETIA ANDREWS CROSSLEY** was a resident of Pike County, Mississippi.

2.  That from in or about June 2020 through in or about August 2020, in Pike County in the Western Division of the Southern District of Mississippi, and elsewhere, the defendant, **LAKETIA ANDREWS CROSSLEY**, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to commit Wire Fraud, in violation of Title 18, United States Code, Sections 1343 and 1349, that is, to:

> Devise a scheme or artifice or intend to devise a scheme or artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, or promises and, for the purpose of executing the scheme, did transmit or cause to be transmitted by means of wire or radio communications in interstate commerce, any writings, signals or sounds.

<u>Manner and Means of the Conspiracy</u>

3.  It was part of the agreement and conspiracy that defendant **LAKETIA ANDREWS CROSSLEY**, and others, known and unknown to the Grand Jury, knowingly and intentionally devised and carried out a scheme and artifice to defraud the State of Mississippi, the United States of America, and others by means of materially false and fraudulent pretenses and representations

in order to fraudulently collect unemployment insurance benefits awarded through the Coronavirus Aid, Relief, and Economic Security Act (hereinafter CARES Act). On March 13, 2020, President Trump declared the COVID-19 outbreak a national emergency as of March 1, 2020. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security (CARES) Act with the intent of providing expanded Unemployment Insurance (UI) benefits to workers who were unable to work as a direct result of the COVID-19 pandemic. Congress has subsequently passed legislation continuing and expanding UI benefits related to the COVID-19 pandemic.

4. These new programs implemented by the Mississippi Department of Employment Security (MDES) included federally funded Pandemic Unemployment Assistance (PUA), Federal Pandemic Unemployment Compensation (FPUC), and Lost Wage Assistance (LWA). Under Section 2102 of the CARES Act, the PUA program extended UI benefits to individuals who were not traditionally eligible for UI benefits. PUA benefits had a minimum amount that was equal to one-half the state's average weekly UI benefits. Under Section 2104 of the CARES Act, the FPUC program authorized a supplemental payment of $600 per week to individuals receiving traditional and non-traditional UI benefits until July 31, 2020. The program was extended, and payments were reduced to $300 in weekly compensation. LWA payments were administered and delivered by states pursuant to grant agreements with Federal Emergency Management Agency (FEMA). The LWA program provided $300 in weekly compensation to eligible claimants.

5. It was part of the scheme and artifice to defraud that between June 2020, and August 2020, defendant **LAKETIA ANDREWS CROSSLEY** and others known and unknown to the Grand Jury, conspired and agreed to apply for UI benefits through the MDES.

6.  It was part of the scheme and artifice to defraud that on or about the dates in the table below, others known and unknown to the Grand Jury submitted online applications for UI benefits through the CARES Act to the MDES for the individuals listed in the table below:

| Date Application Submitted – On or about: | Individual |
|---|---|
| June 5, 2020 | A.B. |
| June 11, 2020 | C.I. |
| June 15, 2020 | S.P. |
| June 22, 2020 | M.P. |

Each individual was in the custody of the Mississippi Department of Corrections (MDOC) at South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi, and were ineligible for UI benefits.

7.  In furtherance of the scheme and in order to accomplish its purpose, others known and unknown to the Grand Jury, caused to be mailed UI benefits, supported by money from the United States through the CARES Act, to defendant **LAKETIA ANDREWS CROSSLEY**, in McComb, Mississippi.

8.  In furtherance of the scheme, and in order to accomplish its purpose, defendant **LAKETIA ANDREWS CROSSLEY**, withdrew the UI benefits from stores and ATMs in and around McComb, MS, as follows:

| Transaction Date | Amount | Form of Withdrawal |
|---|---|---|
| June 20, 2020 | $500.00 | ATM Cash Withdrawal – Pike Center Mart |
| June 21, 2020 | $500.00 | ATM Cash Withdrawal – Trustmark Bank |
| June 22, 2020 | $500.00 | ATM Cash Withdrawal – Trustmark Bank |
| June 23, 2020 | $500.00 | ATM Cash Withdrawal – Edgewood Mall |

| Date | Amount | Description |
|---|---|---|
| June 25, 2020 | $100.00 | ATM Cash Withdrawal – Edgewood Mall |
| June 29, 2020 | $500.00 | ATM Cash Withdrawal – Trustmark Bank |
| July 1, 2020 | $500.00 | ATM Cash Withdrawal – Pike Center Mart |
| July 1, 2020 | $101.07 | Cash Purchase with Cashback – Walmart, McComb, MS |
| July 2, 2020 | $200.00 | ATM Cash Withdrawal – Trustmark Bank |
| July 3, 2020 | $42.12 | Cash Purchase with Cashback – Walmart, McComb, MS |
| July 6, 2020 | $500.00 | ATM Cash Withdrawal – Trustmark Bank |
| July 7, 2020 | $200.00 | ATM Cash Withdrawal – Trustmark Bank |
| July 14, 2020 | $500.00 | ATM Cash Withdrawal – Edgewood Mall |
| July 15, 2020 | $200.00 | ATM Cash Withdrawal – Trustmark Bank |
| July 20, 2020 | $500.00 | ATM Cash Withdrawal – Edgewood Mall |
| July 21, 2020 | $200.00 | ATM Cash Withdrawal – Edgewood Mall |
| July 28, 2020 | $603.74 | Cash Purchase with Cashback – Walmart, McComb, MS |
| August 6, 2020 | $100.00 | ATM Cash Withdrawal – Pike Center Mart |

9. In furtherance of the scheme and in order to accomplish its purpose, defendant **LAKETIA ANDREWS CROSSLEY**, electronically transferred the withdrawn UI benefits to the MDOC inmates. Defendant, **LAKETIA ANDREWS CROSSLEY**, uploaded money from the withdrawn UI benefits onto either "Green Dot" reloadable debit cards or "MoneyGram" debit cards. Defendant, **LAKETIA ANDREWS CROSSLEY**, would then provide debit card information to the inmates via phone call.

10. In furtherance of the scheme and in order to accomplish its purpose, defendant **LAKETIA ANDREWS CROSSLEY**, met with someone she believed to be related to inmate C.I. and provided this individual with inmate C.I.'s MDES MasterCard.

11. The materially false and fraudulent pretenses, representations and promises made by the conspiracy induced MDES to direct deposit payments totaling approximately $11,014.00.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2

12. Paragraphs 3 through 12 are realleged and incorporated by reference as though fully set forth herein.

13. That from in or about June 2020 through in or about August 2020, in Pike County, in the Western Division of the Southern District of Mississippi and elsewhere, the defendant, **LAKETIA ANDREWS CROSSLEY**, did knowingly and willfully combine, conspire, confederate and agree together and with persons known and unknown to the Grand Jury, to commit certain offenses against the United States, that is, willfully and knowingly did embezzle, steal, purloin, and knowingly convert to her own use or the use of another, stolen property of the United States, that is, greater than $1,000.00 in funds belonging to the United States of America, by receiving UI benefits from the MDES, such benefits being funded by the federal CARES Act, and converting said property and benefits to her own use or the use of another.

### Overt Acts

14. In furtherance of the conspiracy and to affect the object thereof, there were committed, in the Southern District of Mississippi, and elsewhere, at least one of the following overt acts, among others:

A. **LAKETIA ANDREWS CROSSLEY**, accepted mailed UI benefits, supported by money from the United States through the CARES Act, and intended for inmates who were ineligible to receive such benefits, in McComb, Mississippi.

B. **LAKETIA ANDREWS CROSSLEY** withdrew the UI benefits in and around McComb, MS.

C. **LAKETIA ANDREWS CROSSLEY** electronically transferred the withdrawn UI benefits to the MDOC inmates.

D. **LAKETIA ANDREWS CROSSLEY** uploaded money onto "Green Dot" reloadable debit cards or "MoneyGram" debit cards.

E. **LAKETIA ANDREWS CROSSLEY**, would the provided the debit card numbers to the inmates via phone call.

F. **LAKETIA ANDREWS CROSSLEY**, met with someone she believed to be related to inmate C.I. and provided this individual with inmate C.I.'s MDES MasterCard.

All in violation of Title 18, United States Code, Sections 371, and 641.

COUNT 3

15. from in or about June 2020 through in or about August 2020, in Pike County, in the Western Division of the Southern District of Mississippi and elsewhere, defendant **LAKETIA ANDREWS CROSSLEY**, willfully and knowingly did embezzle, steal, purloin and knowingly convert to her own use or the use of another, property of the United States, that is, greater than $1,000.00 in funds belonging to the United States of America, by receiving Unemployment Insurance (UI) benefits from the Mississippi Department of Employment Security (MDES), such benefits being funded by the federal CARES Act, to which she knew she was not entitled.

All in violation of Title 18, United States Code, Sections 641, 2.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

16. As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses.

17. Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant Title 18, United States Code, Sections 981(a)(1)(C) and 28 USC 2461.

DARREN J. LAMARCA
Acting United States Attorney

**A TRUE BILL:**
**S/SIGNATURE REDACTED**
**Foreperson of the Grand Jury**

This indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this, the 28th day of July 2021.

_____
UNITED STATES MAGISTRATE JUDGE