IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 5:21-CR-5-DCB-FKB

LAKETIA ANDREWS CROSSLEY and

AUSTIN DANIEL BAHM


ORDER DENYING MOTION IN LIMINE


BEFORE THE COURT is the Government's Motion in Limine [ECF No. 148]. For the following reasons, the Court DENIES the Motion.

I.   Background

A grand jury indicted Laketia Andrews Crossley ("Crossley") on July 28, 2021, for charges of Conspiracy to Commit Wire Fraud, Conspiracy to Commit Theft of Government Money or Property, and Theft of Government Money or Property. [ECF No. 4] at 1-7. A grand jury indicted Austin Daniel Bahm ("Bahm") on identical charges on December 8, 2021. [ECF No. 23] at 2-9. This case is currently set for trial on November 7, 2022. The Government has filed one Motion in Limine that the Court now addresses.

II.  Standard

The purpose of a motion in limine is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." Parker v. Tyson Foods, Inc., 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)).

Though the granting of a motion in limine "does not preclude the party sponsoring the evidence from revisiting the issue at trial," the issue must be raised "outside the jury's presence." Id. (quoting United States v. Beasley, No. 3:20-CR-36-DPJ-LRA, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020)).

III. Discussion

The Government asks the Court to preclude Defendants Crossley and Bahm from mentioning, eliciting from any witness, or attempting to elicit from any witness, information relating to the presence or absence of any particular person on the Government's witness list, or the Government's plan to call or not call a particular witness. [ECF No. 148] at 1. This Court must "analyze the appropriateness of any argument about the Government's failure to call witnesses." United States v. Ward,

2

No. 5:19-CR-3-KHJ-LGI, 2021 WL 2463571, at *2 (S.D. Miss. June 16, 2021).

The Government correctly asserts that "[a]n adverse inference is not appropriate when the witness is equally available to both parties." [ECF No. 148] at 1 (quoting United States v. Heard, 709 F.3d 413, 421 (5th Cir. 2013)).

However, the Fifth Circuit has "carved out an exception to this rule if one of the parties controls that witness and his testimony would elucidate facts in issue." United States v. Santos, 589 F.3d 759, 764 (5th Cir. 2009) (citing United States v. Chapman, 435 F.2d 1245, 1247 (5th Cir. 1970)).

Because the Government has identified no particular witness whose absence it seeks to preclude Crossley or Bahm from mentioning, the Court will not place a blanket prohibition on the mention of such witnesses until it is possible to determine whether a witness is "equally available to both parties." Heard, 709 F.3d at 421. The Court denies the Government's Motion in Limine [ECF No. 148] without prejudice.

IV.  Conclusion

Accordingly, this Court hereby DENIES without prejudice the Government's Motion in Limine. [ECF No. 148].

SO ORDERED this 8th day of September, 2022.

3

/s/ David C. Bramlette

DAVID C. BRAMLETTE III

UNITED STATES DISTRICT JUDGE